IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| OHIO CASUALTY INSURANCE COMPANY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | LAW NO. 3:06-cv-3074 |
| ) | |
| CARL O. HOFFEE, as Trustee Agent of the ) | |
| FRED WANLESS ESTATE, JOE WILLIE ) | |
| EDWARDS, and ALGERINE NORRIS, ) | |
| ) | |
| Defendants. ) | |

## STATUS REPORT

NOW COMES Plaintiff, OHIO CASUALTY INSURANCE COMPANY, by Gary D. Nelson of HEYL, ROYSTER, VOELKER & ALLEN, and for its status report as ordered by Judge Cudmore on September 1, 2006, states as follows:

1.  When the complaint was originally filed, this office inadvertently did not have summons issue.

2.  When we discovered that summons had not issued, the undersigned contacted the attorneys for Defendants Edwards and Norris who agreed to accept service on behalf of their service on or about July 14, 2006 (see Exhibit "1"). The undersigned asked them to enter their appearance pursuant to that agreement. The attorneys told the undersigned that they have a settlement demand in the underlying lawsuit pending and they want to see if the case will settle before going to the expense of entering an appearance in this matter. If the case is settled, there will be no need for his clients to be parties to the declaratory judgment action.

3.  Carl Hoffee signed a Waiver of Service of Summons on August 18. A copy of that is attached hereto. He is due to enter his pleading by September 14.

HEYL ROYSTER
VOELKER
&ALLEN

Suite 600
124 S.W. Adams Street
Peoria, IL 61602-1352
Fax (309) 676-3374
(309) 676-0400

1

WHEREFORE, Plaintiff, OHIO CASUALTY INSURANCE COMPANY, prays that this matter not be dismissed for want of prosecution as it has secured the Waiver of Service of Summons and the agreement to accept service by the defendants.

OHIO CASUALTY INSURANCE COMPANY

By:     /s Gary D. Nelson
HEYL, ROYSTER, VOELKER & ALLEN
Gary D. Nelson
#2030446

GDN/dmm
G:\95\P7795\P7795PMI 003 Status Report 091206.wpd

HEYL ROYSTER
VOELKER
& ALLEN

Suite 600
124 S.W. Adams Street
Peoria, IL 61602-1352
Fax (309) 676-3374
(309) 676-0400



# HEYL ROYSTER
# VOELKER
# & ALLEN

Suite 600
124 S.W. Adams Street
Peoria, IL 61602-1352
Fax (309) 676-3374
(309) 676-0400

OFFICES IN:
PEORIA, ILLINOIS
SPRINGFIELD, ILLINOIS
URBANA, ILLINOIS
ROCKFORD, ILLINOIS
EDWARDSVILLE, ILLINOIS

ROBERT V. DEWEY, JR.
*Managing Partner*

BRENT H. GWILLIM
FREDERICK P. VELDE
REX K. LINDER
JAMES C. KEARNS
DOUGLAS J. POMATTO
GARY L. BORAH
TIMOTHY L. BERTSCHY
GARY D. NELSON
ROBERT H. SHULTZ, JR.
DAVID R. SINN
ROGER R. CLAYTON
BRADFORD B. INGRAM
EDWARD M. WAGNER
NICHOLAS J. BERTSCHY
GARY S. SCHWAB
MICHAEL E. RAUB
BRUCE L. BONDS
ADRIAN E. HARLESS
STEPHEN J. HEINE
KEVIN J. LUTHER
KAREN L. KENDALL
CRAIG S. YOUNG
WILLIAM I. COVEY
CHRISTOPHER P. LARSON
KENT L. PLOTNER
RICHARD K. HUNSAKER
SCOTT D. SPOONER
DANIEL R. SIMMONS
JOHN D. FLODSTROM
JAMES M. VOELKER
BRADFORD J. PETERSON
JOSEPH G. FEEHAN
MATTHEW S. HEFFLEFINGER
DAVID A. PERKINS
MARK J. MCCLENATHAN
LISA A. LACONTE
BRAD A. ELWARD
JAMES J. MANNING
TIMOTHY W. KIRK
MARK D. HANSEN
JAMES A. TELTHORST
JOSEPH P. WHYTE
MICHAEL T. KOKAL
THERESA M. POWELL
KEITH E. FRUEHLING
DEBRA L. STEGALL
CRAIG L. UNRATH
BRENT A. SWANSON
TOBIN J. TAYLOR
EDWARD E. JOHNSTON
TIMOTHY A. GRAHAM
WILLIAM J. DYE, JR.
SCOTT G. SALEMI
SARAH L. PRATT
KATHLEEN M. STOCKWELL
PHILIP M. EISELE
DOUGLAS R. HEISE
MICHAEL D. CLARK
MICHAEL D. SCHAG
JAMES J. BENTIVOGLIO
CHARLES E. TIMMERWILKE
TAMARA K. HACKMANN
DREW M. SCHILLING
ROBERT M. BENNETT
TONEY J. TOMASO
JAY E. ZNANIECKI
MARK A. LUDOLPH
JOHN C. CRAIG
MICHAEL F. DANIELS
APRIL G. TROEMPER
MATTHEW R. BOOKER
THOMAS J. DLUSKI
KEITH B. HILL
ANDREW J. KEYT
BRAD A. ANTONACCI
THOMAS P. CROWLEY
DEBORAH A. HAWKINS
GRAY M. MAGEE, III
JOHN O. LANGFELDER
LAURA L. ALTHARDT
CAROL J. PERKINS
MICHAEL J. DENNING
MARY JO KUCA
JEFFREY T. BASH
KINGSHUK K. ROY
ANDREW J. ROTH
ADAM J. LAGOCKI
JANA L. BRADY
GREGORY J. RASTATTER
MONICA H. SHOLAR
MAUREEN R. DE ARMOND
JOSEPH K. GUYETTE
JOHN M. REDLINGSHAFER
PATRICK D. CLOUD
PATRICK E. FOPPE
W. WYLIE BLAIR
CHRISTINE A. HEINSZ
PETER E. NAYLOR
MATTHEW J. MORRIS
JOHN K. KIM
LYNSEY A. WELCH
DANIEL P. HISER

July 14, 2006

Mr. Brian P. Rogers
Wolter, Beeman & Lynch
413 South Seventh Street
Springfield, IL 62701

IN RE:    Our File No. 00063-P7795
          *Ohio Casualty Group v. Carl O. Hoffee as Trustee Agent of the Fred Wanless Estate*

Dear Mr. Rogers:

This will confirm that you have agreed to accept service of the enclosed declaratory judgment complaint on behalf of your clients, Joe Willie Edwards and Algerine Norris. We appreciate this courtesy and cooperation.

I enclose a file-stamped copy of the complaint with attachments along with a summons. As I mentioned on the phone, I will be happy to provide you a second copy so that each of your clients will have one, but I doubted that you wanted two of these in your file.

We are presently attempting service on the Fred Wanless Trust.

I would appreciate it if you would enter your appearance on behalf of Mr. Edwards and Ms. Norris in this matter.

Very truly yours,

HEYL, ROYSTER, VOELKER & ALLEN



BY
Gary D. Nelson
gnelson@hrva.com
GDN/lmg
Enc.   As described above

G:\95\P7795\P7795LDA 001 7.14.06 enc complaint for declaratory judgment and summons.wpd



EXHIBIT A

AO 399 (Rev. 10/95)

# WAIVER OF SERVICE OF SUMMONS

TO: <u>Gary D. Nelson</u>
(NAME OF PLAINTIFF'S ATTORNEY OR UNREPRESENTED PLAINTIFF)

I, <u>Carl O. Hoffee, as Trustee Agent of the Fred Wanless Estate</u>, acknowledge receipt of your request
(DEFENDANT NAME)

that I waive service of summons in the action of <u>Ohio Casualty Ins. Co. v. Carl O. Hoffee, et al</u>,
(CAPTION OF ACTION)

which is case number <u>06-3074</u> in the United States District Court
(DOCKET NUMBER)

for the <u>Central</u> District of <u>Illinois</u>.

I have also received a copy of the complaint in the action, two copies of this instrument, and a means by which I can return the signed waiver to you without cost to me.

I agree to save the cost of service of a summons and an additional copy of the complaint in this lawsuit by not requiring that I (or the entity on whose behalf I am acting) be served with judicial process in the manner provided by Rule 4.

I (or the entity on whose behalf I am acting) will retain all defenses or objections to the lawsuit or to the jurisdiction or venue of the court except for objections based on a defect in the summons or in the service of the summons.

I understand that a judgment may be entered against me (or the party on whose behalf I am acting) if an answer or motion under Rule 12 is not served upon you within 60 days after <u>7/14/2006</u>,
(DATE REQUEST WAS SENT)
or within 90 days after that date if the request was sent outside the United States.

<u>8-18-06</u>                    <u>[signature redacted]</u>
(DATE)                          (SIGNATURE)

Printed/Typed Name: <u>Carl O. Hoffee</u>

As <u>Agent</u> of <u>Fred Wanless Trust</u>
    (TITLE)              (CORPORATE DEFENDANT)

### Duty to Avoid Unnecessary Costs of Service of Summons

Rule 4 of the Federal Rules of Civil Procedure requires certain parties to cooperate in saving unnecessary costs of service of the summons and complaint. A defendant located in the United States who, after being notified of an action and asked by a plaintiff located in the United States to waive service of summons, fails to do so will be required to bear the cost of such service unless good cause be shown for its failure to sign and return the waiver.

It is not good cause for a failure to waive service that a party believes that the complaint is unfounded, or that the action has been brought in an improper place or in a court that lacks jurisdiction over the subject matter of the action or over its person or property. A party who waives service of the summons retains all defenses and objections (except any relating to the summons or to the service of the summons), and may later object to the jurisdiction of the court or to the place where the action has been brought.

A defendant who waives service must within the time specified on the waiver form serve on the plaintiff's attorney (or unrepresented plaintiff) a response to the complaint and must also file a signed copy of the response with the court. If the answer or motion is not served within this time, a default judgment may be taken against that defendant. By waiving service, a defendant is allowed more time to answer than if the summons had been actually served when the request for waiver of service was received.



EXHIBIT B