E-FILED
Tuesday, 12 September, 2006 04:47:21 PM
Clerk, U.S. District Court, ILCD

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS**

| | |
|---|---|
| OHIO CASUALTY INSURANCE COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>CARL O. HOFFEE, as Trustee Agent of the FRED WANLESS ESTATE, JOE WILLIE EDWARDS, and ALGERINE NORRIS,<br><br>Defendants. | Case No.: 06-3074 |

**MEMORANDUM IN SUPPORT OF MOTION TO
DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION**

NOW COMES Defendant, CARL O. HOFFEE, as Trustee Agent of the FRED WANLESS ESTATE ("Hoffee"), by his attorneys, Barber, Segatto, Hoffee & Hines, and for his Memorandum in Support of his Motion to Dismiss for Lack of Subject Matter Jurisdiction, states as follows:

A.    Introduction

On November 28, 2005, Joe Willie Edwards and Algerine Norris filed suit against Carl O. Hoffee, as Trustee Agent of the Fred Wanless Estate, as owner of certain property located in Springfield, Illinois, which Mr. Edwards and Ms. Norris were renting. The underlying complaint includes counts alleging breach of contract, negligence, and breach of warranty, among others, in connection with alleged mold in the property in question. Hoffee gave timely notice to Ohio Casualty Insurance Company, and Ohio Casualty Insurance Company began defense of the foregoing action.

On April 20, 2006, Ohio Casualty Insurance Company filed this action seeking a declaratory

1

judgment that it was not required to provide defense of the Edwards and Norris complaint due to certain insurance policy exceptions. In the Complaint for Declaratory Judgment, Ohio alleged in its statement of jurisdiction that "[t]he amount in controversy exceeds, exclusively with interest and costs, the sum of $75,000.00."

B.  Argument

A case may be dismissed under Rule 12(b)(1) of the Federal Rules of Civil Procedure "[w]henever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter..." Fed. R. Civ. P. 12(h)(3). Federal courts are courts of limited jurisdiction, and they may only decide cases as authorized by Congress or the Constitution. In general, federal courts may only consider cases where: (1) a federal question is at issue; or (2) there is complete diversity of citizenship among the parties and the amount in controversy exceeds $75,000.00. Federal courts have subject matter jurisdiction over cases where there is complete diversity of citizenship among the parties and the amount in controversy "exceeds the sum or value of $75,000, exclusive of interest and costs" pursuant to 28 U.S.C. § 1332(a).

When a motion to dismiss for lack of subject matter jurisdiction is before a court, "the person asserting jurisdiction bears the burden of showing that the case is properly before the court at all stages of litigation." Packard v. Provident Nat'l Bank, 994 F.2d 1039, 1045 (3d Cir. 1993). This burden is applicable to cases based on diversity jurisdiction as well, and in such cases a plaintiff must demonstrate complete diversity between the parties and that the amount in controversy requirement has been met. Quaker State Dyeing & Finishing Co., Inc. v. ITT Terryphone Corp., 461 F.2d 1140, 1143 (3d Cir. 1972).

The general rule in determining the existence of the proper jurisdictional amount is that the complaint itself controls "unless it appears or is in some way shown that the amount stated in the complaint is not claimed 'in good faith.' " Horton v. Liberty Mutual Insurance Co., 367 U.S. 348, 353, 81 S.Ct. 1570, 1573, 6 L.Ed.2d 890 (1961). However, "if from the nature of the case as stated in the pleadings, there could not legally be a judgment for an amount necessary to the jurisdiction, jurisdiction cannot attach, even though the damages be laid in the declaration at a larger sum." Vance v. W. A. Vandercook Co. (No. 2), 170 U.S. 468, 18 S.Ct. 645, 42 L.Ed. 1111 (1898).

In the matter at hand, Plaintiff lacks a reasonable good faith belief that Edwards and Norris could ever recover a sum in excess of $75,000.00 against Hoffee. Ohio Casualty Insurance Company provided a Defense Attorney Report to Hoffee in early 2006, whereby it provided a maximum verdict potential in regard to the Edwards and Norris complaint below the $75,000.00 jurisdictional minimum of this Court. See Affidavit of Carl O. Hoffee attached hereto and made part hereof as Exhibit 1. In addition, Plaintiff has proposed offers to resolve the Edwards and Norris matter for extremely nominal sums well below the jurisdiction minimum of this Court. See attached Exhibit 1. Also, counsel for Edwards and Norris have made offers to resolve the matter for sums well below the jurisdictional minimum of this Court. See attached Exhibit 1.

C.   Conclusion

The Plaintiff may not in the underlying action allege throughout to Hoffee that the potential maximum recovery of Edwards and Norris is so dramatically below the jurisdictional minimum of this Court and then simply state to this Court that the amount in controversy is in excess of $75,000.00. Such a contention is simply not based in a reasonable good faith belief. Plaintiff cannot

fulfill its burden of proving to this Court that the minimum amount in controversy has been met, and thus the case must be dismissed for lack of subject matter jurisdiction.

        Respectfully submitted,

        CARL O. HOFFEE, as Trustee Agent of the
        FRED WANLESS ESTATE, Defendant

        By   /s/ R. Kurt Wilke
            R. Kurt Wilke - 06190769
            Matthew J. Cate - 06272040
            Attorneys for Defendants
            Barber, Segatto, Hoffee & Hines
            P. O. Box 79
            Springfield, IL 62705-0079
            Telephone:  2l7/544-4868
            Fax: 217/544-5225
            E-mail: matthewcate@barberlaw.com

134915

## CERTIFICATE OF SERVICE

      The undersigned hereby certifies that a copy of the foregoing document was served by electronic service through the Court's ECF System to the following:

>Gary D. Nelson
>Heyl, Royster, Voelker & Allen
>Suite 600
>124 S.W. Adams Street
>Peoria, IL 61602-1352
>
>Randall A. Wolter
>Wolter, Beeman & Lynch
>413 South Seventh Street
>Springfield, IL 62701

on the 12th day of September, 2006.

                                                      /s/ Matthew J. Cate

134915

E-FILED
Tuesday, 12 September, 2006   04:47:51 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

OHIO CASUALTY INSURANCE COMPANY,

Plaintiff,

v.

CARL O. HOFFEE, as Trustee Agent of the FRED WANLESS ESTATE, JOE WILLIE EDWARDS, and ALGERINE NORRIS,

Defendants.

Case No.: 06-3074

### AFFIDAVIT

STATE OF ILLINOIS       )
                        ) SS.
COUNTY OF SANGAMON      )

Now comes Carl O. Hoffee, as Trustee Agent of the Fred Wanless Estate, and after first being duly sworn on oath, deposes and states:

1. I am a Defendant in the above-entitled action, an adult, and under no legal disability.

2. In the early part of 2006, defense counsel compensated by Ohio Casualty Insurance Company in regard to the Edwards and Norris matter expressed an initial opinion that the maximum verdict potential was in a range that would be below the minimum jurisdictional amount for Federal Court, an amount that "exceeds the sum or value of $75,000.00..." 28 USCA § 1332(a)

3. In addition, counsel provided by Ohio Casualty Insurance Company according to the Plaintiffs' counsel have made bona fide offers to resolve the Edwards and Norris matter for minimal amounts, at less than five percent of the jurisdictional minimum of the Federal Court.

4. Counsel for Edwards and Norris have stated to me that they have made a written offer to resolve the underlying matter for an amount well below the jurisdictional minimum of the Federal Court, a copy of which offer is attached hereto as Exhibit "A."

_____
Carl O. Hoffee, as Trustee Agent of the Fred Wanless Estate

SUBSCRIBED AND SWORN to before me this 12th day of September, 2006.

_____
Notary Public

134918

OFFICIAL SEAL
MATTHEW J. CATE
NOTARY PUBLIC, STATE OF ILLINOIS
MY COMMISSION EXPIRES 10-18-2009



ATTORNEYS AT LAW

August 17, 2006

Mr. Mark G. Poulakidas
Haynes, Studnicka, Kahan,
   O'Neill & Miller, LLC
Attorneys at Law
Suite 1154
208 South LaSalle Street
Chicago, Illinois 60604

    Re:  Edwards, et al v. Norris
         Your File No. 1757 MGP

Dear Mr. Poulakidas:

    As indicated in our responses to your discovery requests, my clients incurred approximately $9,344.89 of medical expenses, $4,200.00 in lost income, and a $12,169.70 loss for miscellaneous household items that had to be destroyed. In addition, each of my clients now suffer from the permanent condition of asthma.

    Recently, my clients as well as yours were named as Defendants in the Complaint for Declaratory Judgment filed by your clients' insurer in federal court. In the wake of the great expense that all involved parties will likely incur, I believe we can reach an amicable settlement of the underlying matter. At this point in time, I am authorized to settle it in the amount of $54,200.00. Please advise me of your thoughts regarding settlement at your earliest convenience.

                    Very truly yours,

                    Brian P. Rogers

RAW/BPR
CC: Joe Edwards and Algerine Norris
wolter\letters\norris-edwards\atty.817