IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| OHIO CASUALTY INSURANCE COMPANY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | LAW NO. 3:06-cv-3074 |
| ) | |
| CARL O. HOFFEE, as Trustee Agent of the ) | |
| FRED WANLESS ESTATE, JOE WILLIE ) | |
| EDWARDS, and ALGERINE NORRIS, ) | |
| ) | |
| Defendants. ) | |

# RESPONSE TO MOTION TO DISMISS FOR
# LACK OF SUBJECT MATTER JURISDICTION

NOW COMES the Plaintiff, OHIO CASUALTY INSURANCE COMPANY, by Gary D. Nelson of HEYL, ROYSTER, VOELKER & ALLEN, and hereby files its Response to the Motion to Dismiss for Lack of Subject Matter Jurisdiction filed by Defendant Carl O. Hoffee as Trustee Agent of the Fred Wanless Trust (Hoffee) pursuant to District Rule 7.1 and in support thereof states as follows:

## SPECIFIC POINTS AND AUTHORITIES

A dismissal or remand for lack of jurisdiction based on the amount in controversy is warranted if, and only if, it can be concluded beyond a legal certainty that the Plaintiff would under no circumstances be entitled to recover the jurisdictional amount. *Risse v. Woodard*, 491 F.2d 1170, 1173 (7th Cir. 1974) (emphasis added), *Barbers Hairstyling for Men & Women, Inc. v. Bishop*, 132 f.2d 1203, 1205 (7th Cir. 1997) citing *St. Paul Mercury Indemnity Co. v. Red Cas. Co.*, 303 U.S. 283, 289; 58 S.Ct. 586, 82 L.Ed. 845 (1938).

HEYL ROYSTER
VOELKER
&ALLEN

Suite 600
124 S.W. Adams Street
Peoria, IL 61602-1352
Fax (309) 676-3374
(309) 676-0400

1

## ARGUMENT

In the present case, Ohio Casualty has filed a complaint for declaratory judgment seeking a determination from this court that it has no duty to defend or indemnify Hoffee for the claims being brought by Joe Willie Edwards and Algerine Norris for damages allegedly incurred as a result of alleged mold on the property they were renting from Hoffee.

Plaintiffs have filed a complaint in the Circuit Court of Sangamon County alleging damages in excess of $50,000.00 as required under the law in Illinois which prohibits complaints seeking damages for specified dollar amounts, 735 ILCS 5/2-604.

Hoffee contends that because a settlement demand has been made by Edwards and Norris in the amount of $54,200.00, that the jurisdictional minimum amount in controversy of $75,000.00 cannot be satisfied.

As is apparent from the demand letter attached to the Memorandum in support of the Motion to Dismiss, the demand is predicated upon the fact that a complaint for declaratory judgment has been filed in federal court and is an attempt to avoid the "great expense that all involved parties will likely incur." The letter further sets forth that the Plaintiffs are claiming $9,344.89 of medical expenses, $4,200.00 of lost income and $12,169.70 for loss of personal property. The letter also sets forth that each of the clients suffer from a permanent condition of asthma.

Hoffee also incorporates into his affidavit a hearsay statement from the attorney defending him on his opinion as to the maximum verdict potential.

Finally, Hoffee contends that an offer was made by Ohio Casualty which was well below the jurisdictional minimum. None of these, however, are sufficient to allow the court to determine beyond a legal certainty that the Plaintiffs would under no circumstances be entitled to recover more than $75,000.00 were the case to go to trial.

HEYL ROYSTER
VOELKER
&ALLEN

Suite 600
124 S.W. Adams Street
Peoria, IL 61602-1352
Fax (309) 676-3374
(309) 676-0400

The offer, like the demand, would have been made by the insurance company, based upon their assessment of their exposure in light of the declaratory judgment action and the policy exclusion for mold.

The defense attorney's opinion, even assuming it would otherwise be admissible, is an opinion and does not conclude with a legal certainty that the Plaintiffs could never recover $75,000.00 or more.

Hoffee's remark that the contention that the amount in controversy is in excess of $75,000.00 is not made in good faith is refuted by the Seventh Circuit's language in the *Risse* case cited above which states:

> The basic criterion for determining whether the amount sought was not made in good faith is if it can be concluded beyond a legal certainty if the plaintiff would under no circumstances be entitled to recover the jurisdictional amount.

An opinion as to the value of the case in light of the coverage issues does not determine whether or not the amount in controversy has been pled in good faith. A settlement demand does not limit what plaintiffs may seek at trial.

Moreover, Hoffee ignores the fact that this is a declaratory judgment action in which the amount in controversy includes not only the amount which the plaintiffs may recover in the underlying case for which Hoffee seeks coverage under his insurance policy but also the amount the insurance company will have to spend to defend Hoffee in attorneys' fees and witness fees or the various expert fees necessary to explore and potentially challenge the notion that the underlying plaintiffs are under any medical disability as a result of the alleged mold exposure.

In *Capital Indemnity Corporation v. Miles*, 978 F.2d 437 (8th Cir. 1992), the court noted that, in addition to considering the amount of damages being sought by the plaintiff in the underlying action, the attorneys' fees were also at stake. See also *Stonewall Insurance Co. v. Lopez*, 544 F.2d

HEYL ROYSTER
VOELKER
&ALLEN

Suite 600
124 S.W. Adams Street
Peoria, IL 61602-1352
Fax (309) 676-3374
(309) 676-0400

3

198 (5th Cir. 1976) citing dictum from *Motorists Mutual Insurance Co. v. Simpson*, 404 F.2d 511 (7th Cir. 1968).

In the course of researching the issue of inclusion of attorneys' fees as part of the amount in controversy, Plaintiff discovered three cases decided by the Northern District of Illinois of which it was previously unaware and which were not cited in Hoffee's Motion to Dismiss. While these cases support the contention that the cost of defending the insured may be included as part of the amount in controversy in a declaratory judgment action, they do reach a different result on the conclusion of the indemnity payments. *Ohio Casualty Insurance Company v. Lower Forty Gardens, Inc.*, not reported in F.Supp.2d, 2003 WL 22849142 (N.D.Ill.); *American Economy Insurance Company, Inc. v. T.J. Copy Products, Inc.*, not reported in F.Supp.2d, 2004 WL 842510 (N.D.Ill.); *St. Paul Mercury Insurance Company v. Commercial Property Associates, Inc.*, not reported in F.Supp.2d, 2005 WL 1126883 (N.D.Ill.). A copy of each of these cases is attached for the court's convenience, as they are not in the official reporters. In each of these cases, the Northern District determined that because the duty to indemnify is not ripe until there has been a finding of liability against the indemnitee, the court cannot consider the amount of potential indemnity as part of the amount in controversy but, rather, only the attorneys' fees that might be incurred in determining liability and damages.

In reaching that conclusion, the Northern District has extrapolated from four Seventh Circuit opinions, *Solo Cup Company v. Federal Insurance Company*, 619 F.2d 1178 (7th Cir. 1980), *Nationwide Insurance v. Zavalis*, 52 F.3d 689 (7th Cir. 1995), *Grinnell Mutual Reinsurance Co. v. Reinke*, 43 F.3d 1152 (7th Cir. 1995) and *Travelers Insurance Company v. Penda Corp.*, 974 F.2d 823 (7th Cir. 1992). While each of the 7th Circuit opinions did declare that a duty to indemnify is not ripe until there has been a finding of liability in the underlying action, none of those cases applied that

HEYL ROYSTER VOELKER & ALLEN

Suite 600
124 S.W. Adams Street
Peoria, IL 61602-1352
Fax (309) 676-3374
(309) 676-0400

reasoning to determine whether or not the amount in controversy could include the potential indemnity the insurance company would pay under its insurance contract on behalf of its insured. Rather, those cases simply held that they could not decide the duty to indemnify before the liability in the underlying case had been resolved, but could only decide the insurance company's duty to defend. Plaintiff could find no cases out of the Central District of Illinois following this line of reasoning nor any cases of the Seventh Circuit following this line of reasoning.

In addition, Plaintiff would point out that the three cases from the Northern District overlook the fact that the Illinois Supreme Court has stated that because an insurer's duty to defend is broader than its duty to indemnify, if there is no duty to defend, there can be no duty to indemnify. *Crum & Forster Managers Corp. v. Resolution Trust Corp.*, 156 Ill.2d 384, 394-95 (1993). Therefore, the duty to indemnify is at issue to the extent that the Plaintiff here asserts there is no duty to defend and, therefore, there can be no duty to indemnify.

Moreover, the three Northern District cases ignore the fact that insurance companies are required to set reserves based upon the claims that are submitted to them and those reserves are set aside and cannot be used for the operational expenses of the insurance company or for its investments. Once the duty to indemnify is resolved, those funds held in reserve can be placed back in the general operating funds of the insurance company. Therefore, there is real value to the insurance company in having a determination that it has no duty to defend and, therefore, no duty to indemnify.

## CONCLUSION

Since it cannot be determined to a legal certainty that the claim of the plaintiffs in the underlying suit is for less than the jurisdictional amount given the fact that the plaintiffs are claiming medical expenses of $9,344.89, $4,200.00 of lost income, $12,169.70 for loss of property, and

HEYL ROYSTER
VOELKER
& ALLEN

Suite 600
124 S.W. Adams Street
Peoria, IL 61602-1352
Fax (309) 676-3374
(309) 676-0400

5

damages for pain and suffering and loss of a normal life for a permanent condition of asthma allegedly caused by the mold as well as the attorneys' fees and expert fees that would necessarily be expended in defending Hoffee, Plaintiff requests this Court to deny the Motion to Dismiss of the Defendant Hoffee.

OHIO CASUALTY INSURANCE COMPANY

By:    /s Gary D. Nelson
HEYL, ROYSTER, VOELKER & ALLEN
Gary D. Nelson
#2030446

PROOF OF SERVICE

I hereby certify that on September 25, 2006, I electronically filed the foregoing with the Clerk of the court using the CM/ECF system which will send notification of such filing to the following:

R. Kurt Wilke
Matthew J. Cate
Barber, Segatto, Hoffee & Hines
P.O. Box 79
Springfield, IL 62705-0079

Randall A. Wolter
Wolter, Beeman & Lynch
413 South Seventh Street
Springfield, IL 62701

   /s Gary D. Nelson
Gary D. Nelson

GDN/dmm
G:\95\P7795\P7795PMI 004 Response to Motion to Dismiss 092006.wpd

HEYL ROYSTER
VOELKER & ALLEN

Suite 600
124 S.W. Adams Street
Peoria, IL 61602-1352
Fax (309) 676-3374
(309) 676-0400

6

E-FILED
 Monday, 25 September, 2006  01:03:34 PM
              Clerk, U.S. District Court, ILCD



Not Reported in F.Supp.2d                                                                                                 Page 1

Not Reported in F.Supp.2d, 2003 WL 22849142 (N.D.Ill.)
**(Cite as: Not Reported in F.Supp.2d)**

▷
Briefs and Other Related Documents
Only the Westlaw citation is currently available.
United States District Court,N.D. Illinois, Eastern Division.
OHIO CASUALTY INSURANCE COMPANY, Plaintiff,
v.
LOWER FORTY GARDENS, INC. and Blooming Flowers, Inc., Defendants.
No. 03 C 4726.

Dec. 1, 2003.

Robert Marc Chemers, Amy E. Johnson, Richard R. Gordon, Pretzel & Stouffer, Chtd., Chicago, IL, for Plaintiff.
Desmond Patrick Curran, John J. Conway, Sullivan, Hincks & Conway, Oak Brook, IL, for Defendant.

*MEMORANDUM AND ORDER*

MANNING, J.
***1** The genesis of this case is a state court action brought by Lower Forty against Blooming Flowers in the Circuit Court of Cook County. In that action, Blooming Flowers alleged that it had the exclusive right to use the name "Elk Grove Florist" and that Lower Forty wrongfully held itself out as "Elk Grove Village Florist" and "Florist of Elk Grove Village." Lower Forty tendered the defense of the *Blooming Flowers* litigation to its insurer, plaintiff Ohio Casualty Insurance, which claimed that its policies did not cover Lower Forty and that it thus was not obligated to defend or indemnify Lower Forty. Ohio Casualty subsequently filed this declaratory judgment action to resolve the coverage issue. Lower Forty seeks to dismiss the complaint, contending that Ohio Casualty has failed to establish that the amount in controversy exceeds $75,000. The court agrees and thus grants the motion to dismiss.

*Discussion*

This court can exercise diversity jurisdiction over this declaratory judgment action only if the opposing sides are citizens of different states and the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1332. Dismissal of a complaint based on failure to satisfy the amount in controversy is proper only if it appears to a legal certainty that less than $75,000 is at issue. *See, e.g., Target Market Publishing, Inc. v. Advo, Inc.,* 136 F.3d 1139, 1141 (7th Cir.1998), *citing St. Paul Mercury Indemnity Co. v. Red Cab Co.,* 303 U.S. 283, 290, 58 S.Ct. 586, 82 L.Ed. 845 (1938). When a defendant challenges the amount in controversy, the plaintiff must submit "competent proof" that the amount in controversy exceeds $75,000. *See Target Mkt. Publishing, Inc. v. ADVO, Inc.,* 136 F.3d at 1142. " Competent proof means proof to a reasonable probability that jurisdiction exists." *Rexford Rand Corp. v. Ancel,* 58 F.3d 1215, 1218 (7th Cir.1995).

Lower Forty asserts that there is no reasonable probability that at least $75,000 is at issue. According to Lower Forty, only defense costs (approximately $25,000 to date) count towards the amount in controversy and the total defense costs will not exceed or even come close to $75,000. Lower Forty reasons that potential indemnification costs don't count towards the amount in controversy requirement because there is no present controversy regarding indemnification since the state court action is currently pending. On the other hand, Ohio Casualty contends that the amount in controversy is the total amount that the insured believes it is entitled to receive and thus includes both defense costs and indemnification.

It is well established that "a declaratory judgment seeking indemnification rights is not ripe for adjudication until the underlying lawsuit has first determined and defined liability." *Lear Corp. v. Johnson Electric Holdings, Ltd.,* No. 02 C 6704, 2003 WL 21254253 *3 (N.D.Ill. May 30, 2003)

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                                                                            Page 2

Not Reported in F.Supp.2d, 2003 WL 22849142 (N.D.Ill.)
**(Cite as: Not Reported in F.Supp.2d)**

(collecting cases). Here, the state court has not determined if Lower Forty is liable. The indemnification claim is, therefore, premature. *See id.* This means that it cannot count towards the amount in controversy as it is not ripe, and may never be ripe, for adjudication. *See Solo Cup Co. v. Federal Ins. Co.,* 619 F.2d 1178, 1189 (7th Cir.1980) ("The possibility that proceedings might be commenced against an insured regarding an act of the insured's as to which the insurer might contest coverage, is not sufficient to create a controversy within the meaning of either the Declaratory Judgment Act or Article III of the Constitution").

\*2 The same logic applies to the so-called compensatory damages claims against Lower Forty. These claims are actually indemnification claims as to Ohio Casualty. This is because if Lower Forty is held liable to Blooming Flowers for compensatory damages, Ohio Casualty will only be on the hook for these damages pursuant to the indemnification agreement between Ohio Casualty and Lower Forty.

This leaves attorneys' fees, as the total costs of defending Lower Forty counts towards the jurisdictional amount. *See Grinnell Mut. Reinsurance Co. v. Shierk,* 121 F.3d 1114, 1117 n. 2 (7th Cir.1997) (the costs of defending the insured should be taken into consideration when determining whether the amount in controversy satisfies the jurisdictional minimum). As noted above, Ohio Casualty has the burden of pointing to competent proof that the amount in controversy exceeds $75,000. In Ohio Casualty's response to the motion to dismiss, it states that Lower Forty incurred $25,000 in fees before this declaratory judgment action was filed and that there is a " reasonable probability" that Lower Forty will incur at least another $50,000 in fees and costs. This statement is wholly conclusory. Moreover, discovery in the state court action is set to conclude shortly and Ohio Casualty has not explained why it is reasonable to conclude that it will cost Lower Forty over $50,000 to file dispositive motions and/or try the case.

In the interests of completeness, the court notes that Ohio Casualty also appears to be asserting that the attorneys' fees incurred by both Lower Forty *and*

Blooming Flowers counts towards the amount in controversy. *See* Response at 7. The insurance contracts are not part of the record, but the court is hard pressed to imagine that they cover the costs of both defending and suing the insured party. Accordingly, the court finds that Ohio Casualty has failed to establish to a reasonable probability that more than $75,000 is at issue in this action.

*Conclusion*

For the above reasons, the court finds that Ohio Casualty has failed to satisfy the amount in controversy requirement in 28 U.S.C. § 1332. Accordingly, this case is dismissed for lack of jurisdiction.

N.D.Ill.,2003.
Ohio Cas. Ins. Co. v. Lower Forty Gardens, Inc.
Not Reported in F.Supp.2d, 2003 WL 22849142 (N.D.Ill.)

Briefs and Other Related Documents (Back to top)

• 2003 WL 23666488 (Trial Motion, Memorandum and Affidavit) Reply Memorandum of Law in Further Support of Defendant's Motion to Dismiss Under Rule 12(b)(1) (Oct. 7, 2003) Original Image of this Document (PDF)
• 2003 WL 23666478 (Trial Motion, Memorandum and Affidavit) Response to Defendant's Motion to Dismiss (Sep. 25, 2003) Original Image of this Document (PDF)
• 2003 WL 23667422 (Trial Pleading) Complaint for Declaratory Judgment (Jul. 8, 2003) Original Image of this Document with Appendix (PDF)
• 1:03CV04726 (Docket) (Jul. 08, 2003)

END OF DOCUMENT

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.



Not Reported in F.Supp.2d                                                                                                    Page 1

Not Reported in F.Supp.2d, 2004 WL 842510 (N.D.Ill.)
**(Cite as: Not Reported in F.Supp.2d)**

▷
Briefs and Other Related Documents
Only the Westlaw citation is currently available.
United States District Court,N.D. Illinois, Eastern Division.
AMERICAN ECONOMY INSURANCE COMPNAY, INC., Plaintiff,
v.
T.J. COPY PRODUCTS, INC., et al., Defendants.
No. 04 C 107.

April 20, 2004.

Perry Michael Shorris, Bollinger, Ruberry and Garvey, Chicago, IL, for Plaintiff.
Steven Allen Smith, Brian J. Wanca, Anderson & Wanca, Rolling Meadows, IL, Malik R. Diab, Phillip A. Bock, Diab & Bock, Cathleen M. Combs, Daniel A. Edelman, James O. Latturner, Dulijaza Clark, Edelman, Combs & Latturner, Chicago, IL, for Defendants.

*MEMORANDUM AND ORDER*

MANNING, J.
*1 Plaintiff American Economy Insurance seeks a declaratory judgment regarding its duty to indemnify and defend its insured, defendant T.J. Copy Products, in two state court actions. Defendant Eclipse Manufacturing, one of the plaintiffs in the state court actions and a defendant in this action, seeks to dismiss the complaint, contending that American Economy has failed to establish that the amount in controversy exceeds $75,000. The court agrees and thus grants the motion to dismiss.

*Discussion*

This court can exercise diversity jurisdiction over this declaratory judgment action only if the opposing sides are citizens of different states and the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1332. Dismissal of a complaint based on failure to satisfy the amount in controversy is proper only if it appears to a legal certainty that less than $75,000 is at issue. *See, e.g., Target Market Publishing, Inc. v. Advo, Inc.,* 136 F.3d 1139, 1141 (7th Cir.1998), citing *St. Paul Mercury Indemnity Co. v. Red Cab Co.,* 303 U.S. 283, 290, 58 S.Ct. 586, 82 L.Ed. 845 (1938). When a defendant challenges the amount in controversy, the plaintiff must submit "competent proof" that the amount in controversy exceeds $75,000. *See Target Mkt. Publishing, Inc. v. ADVO, Inc.,* 136 F.3d at 1142. " Competent proof means proof to a reasonable probability that jurisdiction exists." *Rexford Rand Corp. v. Ancel,* 58 F.3d 1215, 1218 (7th Cir.1995).

Eclipse asserts that there is no reasonable probability that at least $75,000 is at issue because: (1) American Economy's indemnification claim is premature and thus does not count towards the amount in controversy; and (2) there is no reasonable probability that American Economy's attorneys' fees will exceed $75,000. Unsurprisingly, American Economy disagrees. It also contends that the amount in controversy substantially exceeds $75,000 because the underlying state court cases, which are styled as class actions on behalf of over 1,000 members, seek at least $500 per member.

With respect to its indemnification claim, American Economy takes issue with this court's recent decision in *Ohio Casualty Insurance Company v. Lower Forty Gardens, Inc.,* No. 03 C 4726, 2003 WL 22849142 (N.D.Ill.Dec.1, 2003). According to American Economy, when a plaintiff seeks declaratory relief, the amount in controversy is the value of the litigation from either the plaintiff or the defendant's perspective. *See, e.g., International Gateway Communications, Inc. v. Communication Telesystems International, Inc. .,* 922 F.Supp. 122, 124-25 (N.D.Ill.1996). This rule, however, is only applicable if the court is attempting to assess how much an actual case or controversy is potentially

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                                                              Page 2

Not Reported in F.Supp.2d, 2004 WL 842510 (N.D.Ill.)
**(Cite as: Not Reported in F.Supp.2d)**

worth. If there is no case or controversy, there is nothing to value.

Thus, in *Lower Forty Gardens,* the court explained:
It is well established that "a declaratory judgment seeking indemnification rights is not ripe for adjudication until the underlying lawsuit has first determined and defined liability." *Lear Corp. v. Johnson Electric Holdings, Ltd.,* No. 02 C 6704, 2003 WL 21254253 *3 (N.D.Ill. May 30, 2003) (collecting cases). Here, the state court has not determined if Lower Forty is liable. The indemnification claim is, therefore, premature. *See id.* This means that it cannot count towards the amount in controversy as it is not ripe, and may never be ripe, for adjudication. *See Solo Cup Co. v. Federal Ins. Co.,* 619 F.2d 1178, 1189 (7th Cir.1980) ("The possibility that proceedings might be commenced against an insured regarding an act of the insured's as to which the insurer might contest coverage, is not sufficient to create a controversy within the meaning of either the Declaratory Judgment Act or Article III of the Constitution").

*2 This decision is in accord with numerous Seventh Circuit decisions holding that a declaratory judgment seeking indemnification is premature unless there has been a finding of liability in the underlying action. *Grinnell Mutual Reinsurance Co. v. Shierk,* 121 F.3d 1114, 1116 (7th Cir.1997) (amount in controversy requirement was satisfied where the insurer filed a declaratory action seeking indemnification after the court in the underlying action found that the insured was liable and the potential damages exceeded $100,000); *Nationwide Insurance v. Zavalis,* 52 F.3d 689, 693 (7th Cir.1995) ("the duty to indemnify is not ripe for adjudication until the insured is in fact held liable in the underlying suit"); *Grinnell Mutual Reinsurance Co. v. Reinke,* 43 F.3d 1152, 1154 (7th Cir.1995) (" the duty to indemnify [i]s unripe until the insured has been held liable"); *Travelers Ins. Cos. v. Penda Corp.,* 974 F.2d 823, 833 (7th Cir.1992) ("the determination of whether [defendant] has a duty to indemnify is not ripe until the underlying litigation is terminated"). The court thus declines to revisit its holding in *Lower Forty Gardens* and adopt the position urged by American Economy.

American Economy can, however, remain in federal court if its attorneys' fees are reasonably certain to exceed $75,000 since the total cost of defense in the underlying action counts towards the jurisdictional amount. *See Grinnell Mutual Reinsurance Co. v. Shierk,* 121 F.3d at 1117 n. 2 (7th Cir.1997) (the costs of defending the insured should be taken into consideration when determining whether the amount in controversy satisfies the jurisdictional minimum). As noted above, American Economy has the burden of pointing to competent proof that the amount in controversy exceeds $75,000.

In its response to the motion to dismiss, American Economy attempts to satisfy this burden by stating that "defense costs for class actions in the emerging field of claims brought under the Telephone Consumer Protection Act [which prohibits the sending of unwanted faxes] are likely to be quite substantial" and that it will have to pay "some amount ... presumably a substantial amount ... for the defense if [it] is found to have a duty to defend." Response at 5-6.

This argument is unpersuasive because the assertions as to the amount of attorneys' fees potentially at issue in the underlying action are vague generalizations which are not supported by any specific facts. Moreover, American Economy does not elucidate exactly what "substantial" means or provide details about the scope of the underlying action so the court can assess whether defense costs will satisfy the jurisdictional minimum to a reasonable certainty. Simply put, this type of conclusory assertion is not competent proof that the amount in controversy exceeds $75,000 so the court is not required to accept American Economy's bald statement that it might potentially be on the hook for a substantial amount of money in an underlying action.

*3 This brings the court to American Economy's final argument: that the amount in controversy consists of the claims of the individual members of the putative class aggregated together. American Economy cannot aggregate actual damages suffered by the members of the putative class as at least one plaintiff must satisfy the jurisdictional amount. *See, e.g., The Barbers Hairstyling for Men & Women,*

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d
Not Reported in F.Supp.2d, 2004 WL 842510 (N.D.Ill.)
**(Cite as: Not Reported in F.Supp.2d)**

Page 3

*Inc. v. Bishop,* 132 F.3d 1203, 1205 (7th Cir.1997). Thus, the fact that the underlying state court cases are styled as class actions on behalf of over 1,000 members and seek at least $500 per member is irrelevant. Because no individual member's claims meet the jurisdictional minimum, American Economy has failed to satisfy the amount in controversy requirement.

*Conclusion*

For the above reasons, the court finds that American Economy has failed to satisfy the amount in controversy requirement in 28 U.S.C. § 1332. Accordingly, Eclipse's motion to dismiss is granted and this case is dismissed for lack of jurisdiction.

N.D.Ill.,2004.
American Economy Ins. Co., Inc. v. T.J. Copy Products, Inc.
Not Reported in F.Supp.2d, 2004 WL 842510 (N.D.Ill.)

Briefs and Other Related Documents (Back to top)

• 1:04CV00107 (Docket) (Jan. 08, 2004)

END OF DOCUMENT

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

**Westlaw.**

Not Reported in F.Supp.2d                                                                                                                    Page 1

Not Reported in F.Supp.2d, 2005 WL 1126883 (N.D.Ill.)

**(Cite as: 2005 WL 1126883 (N.D.Ill.))**

H

**Motions, Pleadings and Filings**

Only the Westlaw citation is currently available.

United States District Court,
N.D. Illinois, Eastern Division.
ST. PAUL MERCURY INSURANCE COMPANY,
Plaintiff,
v.
COMMERCIAL PROPERTY ASSOCIATES, INC.
and Jerold S. Rawson, Defendants.
Jerold S. RAWSON, Counterclaimant,
v.
ST. PAUL MERCURY INSURANCE COMPANY,
Counterdefendant.
**No. 04 C 3534.**

May 10, 2005.
Mark Douglas Paulson, Salvatore A. Pellegrino, Clausen Miller P.C., Chicago, IL, for Plaintiff.

Howard Brian Prossnitz, Law Offices of Howard Prossnitz, Daniel A. Edelman, Cathleen M. Combs, Dulijaza Clark, Tara Leigh Goodwin, Edelman, Combs, Latturner & Goodwin, LLC, Chicago, IL, for Defendants.

*MEMORANDUM OPINION AND ORDER*

HART, J.

\*1 Plaintiff St. Paul Mercury Insurance Company seeks a declaratory judgment that it has no duty to defend or indemnify under a policy of insurance issued to defendant Commercial Property Associates, Inc. Also named as a defendant in the declaratory action is Jerold Rawson. Rawson brought suit against Commercial Property in the Circuit Court of Cook County, Illinois. Rawson, in the state court putative class action, alleges that Commercial Property improperly faxed him an unsolicited advertisement. Rawson alleges this conduct constitutes a violation of the federal Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227; common law conversion; [FN1] a violation of the Illinois Consumer Fraud Act, 815 ILCS 505/2; and property damage caused by a violation of an Illinois criminal statute prohibiting unsolicited fax advertisements, 720 ILCS 5/26-3. In the federal declaratory judgment action, St. Paul seeks a declaration that it has no duty to defend the state lawsuit nor indemnify any damages resulting therefrom. No judgment has been reached in the underlying action. Also, the underlying action has been assigned to one judge who is coordinating more than 50 cases that involve TCPA claims. [FN2]

> FN1. The conversion is based on appropriating Rawson's ink and paper used to print the fax.

> FN2. In his reply, Rawson indicates there are now more than 100 coordinated TCPA cases.

St. Paul relies on diversity jurisdiction. There is no dispute that there is complete diversity of citizenship. Rawson and Commercial Property, [FN3] however, contend that the jurisdictional amount requirement is not met. [FN4] St. Paul alleges in the First Amended Complaint and contends in its response to the motion to dismiss that the amount in controversy exceeds $75,000. A plaintiff's good faith evaluation of the stakes controls unless it appears to a legal certainty that the claim is really for less than the jurisdictional amount. *St. Paul Mercury Indemnity Co. v. Red Cab Co.,* 303 U.S. 283, 289, 58 S.Ct. 586, 82 L.Ed. 845 (1938); *The Barbers, Hairstyling for Men & Women, Inc. v. Bishop,* 132 F.3d 1203, 1205 (7th Cir.1997). However, when the amount in controversy is contested, a plaintiff must support its

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                                                                        Page 2

Not Reported in F.Supp.2d, 2005 WL 1126883 (N.D.Ill.)

**(Cite as: 2005 WL 1126883 (N.D.Ill.))**

assertion with competent proof, *i.e.,* proof to a reasonable probability that jurisdiction exists. *Rexford Rand Corp. v. Ancel,* 58 F.3d 1215, 1218 (7th Cir.1995); *NLFC, Inc. v. Devcom Mid-America, Inc.,* 45 F.3d 231, 237 (7th Cir.), *cert. denied,* 515 U.S. 1104, 115 S.Ct. 2249, 132 L.Ed.2d 257 (1995). *See also American Bankers Life Assurance Co. of Florida v. Evans,* 319 F.3d 907, 909 (7th Cir.2003). Additionally, the amount in controversy is to be determined as of the date the lawsuit was filed; it is not affected by subsequent events. *Grinnell Mutual Reinsurance Co. v. Shierk,* 121 F.3d 1114, 1116 (7th Cir.1997).

> FN3. Commercial Property has joined in the motion and supporting briefs filed by Rawson.
>
> FN4. Rawson also moves to withdraw its answer and counterclaim. That is not a prerequisite to moving to dismiss for lack of subject matter jurisdiction. The motion to withdraw will be denied without prejudice.

Defendants raise two issues. First, they contend that a declaratory action as to indemnity is premature and therefore the only ripe claim properly before the court is one for a declaration as to St. Paul's duty to defend. They further contend that this means only the costs of defense can be considered in determining the amount in controversy and not any damages amount that plaintiff might ultimately be required to indemnify. Second, defendants contend that potential defense costs will be significantly reduced because of the cost effectiveness of the TCPA cases being coordinated in the Circuit Court. In any event, defendants contend that St. Paul has not made a sufficient showing as to the potential defense costs.

*2 Defendants contend any claim based on indemnification is premature and therefore unripe because no judgment has yet been entered in the underlying action. Plaintiff, however, contends that Illinois law only treats such indemnity claims as premature if resolution of the indemnity issue could have a preclusive effect in the underlying action.

Plaintiff, though, cites no Illinois case that has reached such a holding. But whether that is the rule in Illinois courts is irrelevant because federal constitutional law, not state law, controls as to whether the federal jurisdictional requirement of ripeness is satisfied. *Lear Corp. v. Johnson Electric Holdings Ltd.,* 353 F.3d 580, 583 (7th Cir.2003). In the Seventh Circuit, an insurer's request for a declaration regarding its duty to indemnify will not be found to be ripe prior to a judgment that its insured is liable unless there is some other sufficient indication that the insurer is certain or nearly certain to have an indemnity liability if coverage exists. *See id.; Consolidated City of Indianapolis v. Ace Insurance Co. of North America,* 2004 WL 2538648 *2-3 (S.D.Ind. Sept.20, 2004); *American Economy Insurance Co. v. T.J. Copy Products, Inc.,* 2004 WL 842510 *1-2 (N.D.Ill. April 20, 2004). Therefore, the issue before the court is whether the requested declaration regarding defendant's duty to defend is a controversy potentially valued at more than $75,000.

Two recent cases from this court have held that, as to a declaratory judgment involving a duty to defend under an insurance policy, the value of the claim is limited to potential costs of defense; potential damages in the underlying lawsuit should not be considered. *T.J. Copy,* 2004 WL 842510 at *1 (quoting *Ohio Casualty Insurance Co. v. Lower Forty Gardens, Inc.,* 2003 WL 22849142 * 1 (N.D.Ill.Dec.1, 2003)); *American Economy Insurance Co. v. Wholesale Life Insurance Brokerage, Inc.,* 2004 U.S. Dist. LEXIS 18519 *8 (N.D.Ill. Sept. 13, 2004). [FN5] Plaintiff contends that, even if the indemnity declaration is not ripe, the duty of defense declaration should still be valued based on potential damages because a declaration that there is no duty to defend will also be conclusive as to any duty to indemnify. Plaintiff cites *Shierk,* 121 F.3d at 1116-17, in support of this proposition. *Shierk,* however, is distinguishable for two reasons. First, *Shierk* does not specifically consider this issue. *Shierk* simply assumes that the potential indemnity amount was part of the amount in controversy, the disputed jurisdictional issue in the case being whether the indemnity amount to consider was the potential damages that could be

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                                                       Page 3

Not Reported in F.Supp.2d, 2005 WL 1126883 (N.D.Ill.)

**(Cite as: 2005 WL 1126883 (N.D.Ill.))**

awarded in the underlying suit or the amount of damages actually awarded, the underlying verdict having been entered while the federal declaratory judgment action was pending. *See id.* at 1117. Unaddressed jurisdictional issues have no precedential value. *Lewis v. Casey,* 518 U.S. 343, 352 n. 2, 116 S.Ct. 2174, 135 L.Ed.2d 606 (1996). Second, *Shierk* is distinguishable on its facts. In *Shierk,* at the time the federal declaratory judgment action was filed, there had already been a finding of liability in the underlying action with damages still to be tried. *Shierk,* 121 F.3d at 1115. Thus, unlike the present case, in *Shierk* the indemnity claim apparently was ripe for adjudication because the insured was certain to have a liability in the underlying action. *Cf. Bankers Trust Co. v. Old Republic Insurance Co.,* 959 F.2d 677, 680-81 (7th Cir.1992).

> FN5. None of the purportedly contrary district court cases cited by plaintiff are on point. None of the cases cited by plaintiff involve situations in which the district court was only exercising jurisdiction over a duty to defend claim. Instead, each case cited involves both duty to defend and duty to indemnify claims or the case involves only a duty to indemnify claim.

*3 The duty to defend and the duty to indemnify are distinct. The duty to defend goes only to the issue of providing a defense for the insured. The duty to indemnify goes to the issue of paying any liability incurred by the insured. A duty to defend claim does not directly resolve the issue of an insurer's obligation to pay any damages that might be awarded against the insured. St. Paul contends that, based on the issues in the present case, a declaration that it has no duty to defend would likely have an estoppel effect regarding any liability for possible damages in the underlying action. That may or may not be true. *See Grinnell Mutual Reinsurance Co. v. Reinke,* 43 F.3d 1152, 1154 (7th Cir.1995). In any event, however, a possible estoppel effect regarding future liabilities is not taken into account in determining the amount in controversy. *Dardovitch v. Haltzman,* 190 F.3d 125, 135 (3d Cir.1999) (quoting *Aetna Casualty & Surety Co. v. Flowers,* 330 U.S. 464, 467, 67 S.Ct. 798, 91 L.Ed. 1024 (1947)). In the present situation, the amount in controversy is limited to considering the potential costs of defense.

Plaintiff contends that, in the underlying action, the potential costs of defense exceed $75,000. Plaintiff provides the affidavit of its in-house attorney (James Zacharski) responsible for handling Commercial Property's claim regarding the underlying action. Zacharski states that the costs of defense "in defending any given TCPA class action could reasonably be expected to, and in fact were almost certain to, exceed $75,000, especially where the defendant was alleged to have sent tens of thousands of faxes, and especially where the suit was pending in a large metropolitan area such as Chicago, where attorneys' hourly rates tend to be higher than the national average." Zacharski Aff. ¶ 3. After reciting various issues that could be litigated in a TCPA case, Zacharski concludes: "In short, I do not believe, and did not believe in May 2004, that Judge McGann's coordinated handling of these cases was certain to reduce significantly the cost of defending any given TCPA class action. Even if some cost reductions were realized, they would likely not have reduced the reasonably probable costs of defending any given TCPA class action to less than $75,000." *Id.* ¶ 8.

While Zacharski recites a few specific facts about the underlying action itself, his affidavit is couched in generalities about TCPA litigation. He never actually states that he expects the costs of the underlying action itself to exceed $75,000. He does note that Commercial Property has retained its own attorneys under St. Paul's reservation of right, but he does not provide specific information about those attorneys. Zacharski does not provide any information about the hourly rate actually charged by those attorneys nor does he note whether those same attorneys are also representing any defendants in any of the coordinated cases. If the costs of those attorneys for joint responses and actions are being shared by other defendants, Commercial Property's defense costs would be significantly reduced. Zacharski also makes no attempt to estimate the actual hours charged or to be charged by these

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                                                                   Page 4

Not Reported in F.Supp.2d, 2005 WL 1126883 (N.D.Ill.)

**(Cite as: 2005 WL 1126883 (N.D.Ill.))**

attorneys. Plaintiff notes that all briefing of legal issues has been done in the lead TCPA case and was completed prior to the filing of the underlying action. Even assuming Commercial Property's defense counsel is not spreading expenses among various TCPA cases, it does not take substantial time to read briefs filed by others, file a one-page document joining in the lead motions (as Commercial Property did in moving to dismiss the underlying action), and keep adequately abreast of the coordinated proceedings. As Rawson notes, his own counsel's fees are still less than $20,000. It is also noteworthy that Commercial Property--which is represented by the same counsel both here and in the underlying litigation--agrees with Rawson that defense costs are likely to be $75,000 or less, as indicated by Commercial Property's joinder in Rawson's motion to dismiss.

*4 The burden is on plaintiff to provide competent proof, *i.e.,* proof to a reasonable probability that jurisdiction exists. *Rexford,* 58 F.3d at 1218; *NLFC,* 45 F.3d at 237; *American Bankers,* 319 F.3d at 909. For the reasons discussed above, the affidavit of Zacharski is insufficient to meet that burden. Plaintiff has not made a sufficient showing that the costs of defense in the underlying action, and therefore the value of the declaratory action, are likely to be more than $75,000. Plaintiff's claim will be dismissed without prejudice for lack of subject matter jurisdiction.

Rawson has counterclaimed, also seeking a declaratory judgment as to St. Paul's duty to defend and indemnify. Even assuming Rawson has standing to bring such a claim, the amount in controversy requirement would not be satisfied for the same reasons it was not satisfied regarding St. Paul's claims. In any event, Rawson has indicated a desire to withdraw the counterclaim. The counterclaim will also be dismissed without prejudice.

IT IS THEREFORE ORDERED that defendant Rawson's motion to withdraw answer and counterclaim [15] is denied without prejudice. Defendants' motion to dismiss [19] is granted. The Clerk of the Court is directed to enter judgment in favor of defendants and against plaintiff dismissing plaintiff's cause of action without prejudice for lack of subject matter jurisdiction. The Clerk of the Court is further directed to enter judgment in favor of counterdefendant and against counterclaimant dismissing counterclaimant's cause of action without prejudice for lack of subject matter jurisdiction. Defendants are awarded their reasonable costs.

Not Reported in F.Supp.2d, 2005 WL 1126883 (N.D.Ill.)

**Motions, Pleadings and Filings (Back to top)**

• 2004 WL 1608716 (Trial Pleading) Complaint for Declaratory Relief (May 21, 2004)

• 1:04cv03534 (Docket) (May. 20, 2004)

END OF DOCUMENT

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.