IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| OHIO CASUALTY INSURANCE COMPANY, | ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | No. 06-3074 |
| CARL O. HOFFEE, as Trustee Agent of the FRED WANLESS ESTATE, JOE WILLIE EDWARDS, and ALGERINE NORRIS, | ) ) ) ) ) | |
| Defendants. | ) | |

OPINION

RICHARD MILLS, U.S. District Judge:

This case is before the Court on the motion of Defendant Carl O. Hoffee, as Trustee Agent of the Fred Wanless Estate, to dismiss for lack of subject matter jurisdiction.

I. BACKGROUND

In support of his motion, Hoffee first notes that his co-Defendants in this case, Joe Willie Edwards and Algerine Norris, filed suit against him as

1

Trustee Agent of the Fred Wanless Estate, as owners of certain property located in Springfield, Illinois, which Mr. Edwards and Ms. Norris were renting. That suit was filed on November 28, 2005 in the Circuit Court of the Seventh Judicial Circuit, Sangamon County, Illinois. The underlying complaint includes counts alleging, <u>inter alia</u>, breach of contract, negligence and breach of warranty, in connection with alleged mold in the property in question. Hoffee gave timely notice to Ohio Casualty Insurance Company, the Plaintiff in this case, which began defense of that action.

On April 20, 2006, Ohio Casualty filed this action seeking a declaratory judgment that it was not required to provide defense of the Edwards and Norris complaint because of certain policy exceptions. In its complaint, Ohio Casualty alleges, "The amount in controversy exceeds, exclusively with interest and costs, the sum of $75,000." Hoffee contends that the amount in controversy is less than $75,000, and that this case must therefore be dismissed for lack of subject matter jurisdiction.

## II. ANALYSIS

### A.

A case may be dismissed under Federal Rule of Civil Procedure 12(b)(1) "[w]henever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter." Fed. R. Civ. P. 12(h)(3). Ohio Casualty alleges that the Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a). Federal courts have jurisdiction over cases where there is complete diversity of citizenship and the amount in controversy "exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a).

A case should not be dismissed under Rule 12(b)(1) for lack of subject matter jurisdiction unless it appears beyond doubt that a plaintiff is unable to prove any set of facts that would entitle it to relief. Patel v. City of Chicago, 383 F.3d 569, 572 (7th Cir. 2004). The Court accepts all of the factual allegations of the complaint as true and draws all reasonable inferences in favor of the plaintiff. Id.

In determining whether the amount in controversy has been met,

courts accept good-faith estimates by plaintiffs. Benson v. SI Handling Systems, Inc., 188 F.3d 780, 783 (7th Cir. 1999). "It must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal." Barbers Hairstyling for Men & Women, Inc. v. Bishop, 132 F.3d 1203, 1205 (7th Cir. 1997).

Hoffee contends that in this case, Ohio Casualty lacks a reasonable good-faith belief that Edwards and Norris could ever recover a sum in excess of $75,000. Hoffee states that the insurance company provided him with a Defense Attorney Report in early 2006, which provided a maximum verdict potential in regard to the Edwards and Norris complaint below the $75,000.01 jurisdictional minimum of the Court. Moreover, Hoffee alleges Ohio Casualty has proposed offers to resolve the Edwards and Norris matter for extremely nominal sums significantly below the jurisdictional minimum. According to Hoffee, Edwards and Norris have also made offers to resolve the matter for sums well below the jurisdictional minimum.

Based on the foregoing, Hoffee asserts that Ohio Casualty may not in the underlying action allege throughout to him that the potential maximum

4

recovery of Edwards and Norris is so dramatically below the jurisdictional minimum of the Court and then allege in this action that the amount in controversy is in excess of $75,000.  Because Ohio Casualty cannot prove that the minimum amount in controversy has been met, Hoffee claims that the case must be dismissed for lack of subject matter jurisdiction.

B.

In its response, Ohio Casualty first notes that Edwards and Norris have filed a complaint in the Circuit Court of Sangamon County wherein they allege damages in excess of $50,000, as required under the law in Illinois which prohibits seeking damages for specified dollar amounts.  See 735 ILCS 5/2-604.  Ohio Casualty claims Hoffee argues that because a settlement demand of $54,200 has been made by Edwards and Norris in the underlying case, the jurisdictional amount in federal court cannot be satisfied.

In response to Hoffee's argument, Ohio Casualty states that the demand letter sent by counsel for Edwards and Norris shows that the demand was based on the fact that a complaint for a declaratory judgment

5

had been filed in federal court and the offer was an attempt to avoid the "great expense that all involved parties will likely incur." Additionally, the letter states that the plaintiffs in the underlying action are claiming $9,344.89 of medical expenses, $4,200.00 of lost income and $12,169.70 for loss of personal property. The letter also notes that Edwards and Norris suffer from a permanent condition of asthma.

      Ohio Casualty alleges that the statement in Hoffee's affidavit in which he refers to an attorney opining as to the maximum verdict potential constitutes hearsay. Ohio Casualty further contends that its own settlement offer which Hoffee claims was "well below the jurisdictional minimum" does not mean that the minimum amount of § 1332(a) cannot be met. The offer, like the demand, would have been made by the insurance company after assessing its exposure in light of the declaratory judgment action and the policy exclusion for mold. Ohio Casualty further asserts that even assuming the defense attorney's opinion was otherwise admissible, it is simply an opinion that does not conclude with a legal certainty that Edwards and Norris could never recover more than $75,000.

Next, Ohio Casualty alleges that Hoffee ignores the fact that this is a declaratory judgment action in which the amount in controversy includes more than the amount which the plaintiffs may recover in the underlying case for which Hoffee seeks coverage under his insurance policy. It also includes the amount the insurance company will have to spend to defend Hoffee in attorney's fees and witness fees or the various expert fees necessary to explore and potentially challenge the notion that the underlying plaintiffs are under any medical disability as a result of the alleged mold exposure.

Ohio Casualty states that in researching the issue of whether attorney's fees were included as part of the amount in controversy, it discovered a few cases from the Northern District of Illinois which held that while the cost of defending the insured may be included as part of the amount in controversy, the amount of potential indemnity could not be considered because the duty to indemnify is not ripe until there has been a finding of liability against the indemnitee. See Ohio Casualty Insurance Company v. Lower Forty Gardens, Inc., 2003 WL 22849142 (N.D. Ill.);

American Economy Insurance Company, Inc. v. T.J. Copy Products, Inc., 2004 WL 842510 (N.D. Ill.); St. Paul Mercury Insurance Company v. Commercial Property Insurance, Inc., 2005 WL 1126883 (N.D. Ill). Given that this argument was not raised in the motion to dismiss, Hoffee presumably assumed that the amount of potential indemnity could be considered in determining whether the amount in controversy was satisfied. Any doubt whether that amount could be considered has been removed.

C.

In Meridian Security Insurance Co. v. Sadowski, 441 F.3d 536, 539 (7th Cir. 2006), the United States Court of Appeals for the Seventh Circuit concluded that the insurance company's potential indemnity was "in controversy" when the case began. That court noted the previous confusion:

> Many decisions in this and other circuits count the potential outlay for indemnity toward the amount in controversy, whether or not adjudication about indemnity should be deferred until the state case is over. The contrary argument has been made often enough that both of the principal treatises on federal practice cover the topic, and both conclude that the potential indemnity obligation counts toward the jurisdictional minimum. Wright, Miller, and Cooper add that argument for the exclusion of the potential indemnity "never has been accepted by the federal courts." This passage needs

8

amendment, now that several judges in the Northern District of Illinois have swallowed the bait, but it could be revised in light of today's decision to say that the position "never has been accepted by any federal court of appeals."

Id. (internal citations omitted).

Because Ohio Casualty is the proponent of federal jurisdiction, the sum it claims "controls if the claim is apparently made in good faith." Id. at 541 (citation omitted). "Whether damages will exceed $75,000 is not a fact but a prediction, and with respect to that subject the court must decide whether "to a legal certainty . . . the claim is really for less than the jurisdictional amount." Id. The case may be dismissed only if it is "legally certain" that the recovery (from plaintiff's perspective) or cost of complying with the judgment (from defendant's)will be less than the jurisdictional floor. Id. at 543.

The Court is unable to conclude that the plaintiffs in the underlying case cannot recover more than $75,000. The fact that offers have been made to settle the case for significantly less than $75,000 does not alter this analysis. Meridian Security Insurance Co., 441 F.3d at 538 (noting that the fact that the case was settled for $21,500 does not affect jurisdiction, which

9

turns on amount in controversy when the suit was filed). Hoffee has pointed to little else in support of his argument other than the hearsay opinion of an attorney.

There is uncertainty as to the amount of the plaintiffs' claim in the underlying suit. They are claiming medical expenses of $9,344.89, $4,200.00 of lost income, $12,169.70 for loss of property, and damages for pain and suffering and loss of a normal life for a permanent condition of asthma allegedly caused by the mold. Moreover, the amount could include the attorney's fees and expert fees which would be expended in defending Hoffee. Because of this uncertainty, the case cannot be dismissed. Meridian Security Insurance Co., 441 F.3d at 543 ("[U]ncertainty about whether the plaintiff can prove its substantive claim, and whether damages (if the plaintiff prevails on the merits) will exceed the threshold, does not justify dismissal.").

Ergo, the motion of Defendant Carl O. Hoffee, as Trustee Agent of the Fred Wanless Estate, to dismiss for lack of subject matter jurisdiction [d/e 9] is DENIED.

The parties are Directed to contact United States Magistrate Judge Byron G. Cudmore for the purpose of scheduling a discovery conference.

ENTER: October 2, 2006

FOR THE COURT:

s/Richard Mills
United States District Judge