E-FILED
Monday, 16 October, 2006   04:29:51 PM
Clerk, U.S. District Court, ILCD

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| OHIO CASUALTY INSURANCE COMPANY, | |
| Plaintiff, | |
| v. | Case No.: 06-3074 |
| CARL O. HOFFEE, as Trustee Agent of the FRED WANLESS ESTATE, JOE WILLIE EDWARDS, and ALGERINE NORRIS, | |
| Defendants. | |

### ANSWER

NOW COMES Defendant, CARL O. HOFFEE, as Trustee Agent of the FRED WANLESS ESTATE, by his attorneys, Barber, Segatto, Hoffee & Hines, and for his Answer to Plaintiff's Complaint, states as follows:

### COMMON ALLEGATIONS

1.	Defendant admits the allegations of paragraph 1.

2.	Defendant admits the allegations of paragraph 2.

3.	Defendant admits the allegations of paragraph 3.

4.	Defendant admits that the allegations of paragraph 4 sufficiently establish a controversy.

### COUNT I

5.	The policies speak for themselves. To the extent the allegations of paragraph 5 are inconsistent with the terms of such policies, they are denied.

6.	The policies speak for themselves. To the extent the allegations of paragraph 6 are inconsistent with the terms of such policies, they are denied.

7. The policies speak for themselves. To the extent the allegations of paragraph 7 are inconsistent with the terms of such policies, they are denied.

8. The policies speak for themselves. To the extent the allegations of paragraph 8 are inconsistent with the terms of such policies, they are denied.

9. Defendant admits the allegations of paragraph 9.

10. The policies speak for themselves. To the extent the allegations of paragraph 10 are inconsistent with the terms of such policies, they are denied.

11. The policies speak for themselves. To the extent the allegations of paragraph 11 are inconsistent with the terms of such policies, they are denied.

12. Defendant denies the allegations of paragraph 12.

13. The policies speak for themselves. To the extent the allegations of paragraph 13 are inconsistent with the terms of such policies, they are denied.

14. The policies speak for themselves. To the extent the allegations of paragraph 14 are inconsistent with the terms of such policies, they are denied.

15. Defendant admits the allegations of paragraph 15.

16. The policies speak for themselves. To the extent the allegations of paragraph 16 are inconsistent with the terms of such policies, they are denied.

17. Defendant admits the allegations of paragraph 17.

18. The policies speak for themselves. To the extent the allegations of paragraph 18 are inconsistent with the terms of such policies, they are denied.

19. Defendant admits the allegations of paragraph 19.

20. The policies speak for themselves. To the extent the allegations of paragraph 20 are

inconsistent with the terms of such policies, they are denied.

21. The policies speak for themselves. To the extent the allegations of paragraph 21 are inconsistent with the terms of such policies, they are denied.

22. Defendant denies the allegations of paragraph 22.

23. Defendant denies the allegations of paragraph 23.

24. The policies speak for themselves. To the extent the allegations of paragraph 24 are inconsistent with the terms of such policies, they are denied.

25. Defendant admits that among other damages, the Complaint by Joe Willie Edwards and Algerine Norris alleges damage caused by mold.

WHEREFORE, Defendant, CARL O. HOFFEE, as Trustee Agent of the FRED WANLESS ESTATE, respectfully requests this Court deny the relief sought by Plaintiff, and for such further relief that this Court finds necessary and just.

## COUNT II

26. The policies speak for themselves. To the extent the allegations of paragraph 26 are inconsistent with the terms of such policies, they are denied.

27. The policies speak for themselves. To the extent the allegations of paragraph 27 are inconsistent with the terms of such policies, they are denied.

28. The policies speak for themselves. To the extent the allegations of paragraph 28 are inconsistent with the terms of such policies, they are denied.

29. Defendant denies the allegations of paragraph 29.

30. Defendant denies the allegations of paragraph 30.

31. The policies speak for themselves. To the extent the allegations of paragraph 31 are

inconsistent with the terms of such policies, they are denied.

32. The allegations of paragraph 32 are too confusing so as to allow an answer. Thus, it is denied.

33. The policies speak for themselves. To the extent the allegations of paragraph 33 are inconsistent with the terms of such policies, they are denied.

34. Defendant denies the allegations of paragraph 34.

35. Defendant denies the allegations of paragraph 35.

36. The policies speak for themselves. To the extent the allegations of paragraph 36 are inconsistent with the terms of such policies, they are denied.

37. Defendant admits that among other damages, the Complaint by Joe Willie Edwards and Algerine Norris alleges damage caused by mold.

WHEREFORE, Defendant, CARL O. HOFFEE, as Trustee Agent of the FRED WANLESS ESTATE, respectfully requests this Court deny the relief sought by Plaintiff, and for such further relief that this Court finds necessary and just.

## FIRST AFFIRMATIVE DEFENSE

Any alleged mold or damage or injury caused thereby was as a result of a covered event under the policies in question. Thus, the alleged mold exclusion is inapplicable to same and any damage or injury caused must be covered under the policies.

SECOND AFFIRMATIVE DEFENSE

The provisions in question which allege not to cover damages related to mold exposure are void as against public policy.

        CARL O. HOFFEE, as Trustee Agent of the
        FRED WANLESS ESTATE, Defendant

By   /s/ R. Kurt Wilke
        R. Kurt Wilke - 06190769
        Matthew J. Cate - 06272040
        Attorneys for Defendants
        Barber, Segatto, Hoffee & Hines
        P. O. Box 79
        Springfield, IL 62705-0079
        Telephone: 2l7/544-4868
        Fax: 217/544-5225
        E-mail: matthewcate@barberlaw.com

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a copy of the foregoing document was served by electronic service through the Court's ECF System to the following:

        Gary D. Nelson
        Heyl, Royster, Voelker & Allen
        Suite 600
        124 S.W. Adams Street
        Peoria, IL 61602-1352

        Randall A. Wolter
        Wolter, Beeman & Lynch
        413 South Seventh Street
        Springfield, IL 62701

on the 16th day of October, 2006.

        /s/ Matthew J. Cate

135892